CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA.
FILED

JUN 06 2013

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CECILIA WYANT, | Civil Action No. 7:12cv00274 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| ANTHEM LIFE INSURANCE COMPANY, | |
| | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

Plaintiff Cecilia Wyant, a former "documentation assistant" at Gala Industries, brings this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), against Gala Industries' long-term disability insurer, Anthem Life Insurance Company ("Anthem"), seeking review of Anthem's denial of Wyant's application for long-term disability benefits. Both parties have moved for summary judgment. Wyant's disability plan requires that a claimant be unable "to perform some or all of the material and substantial duties of [her own] regular occupation." The 319-page administrative record, however, omits any description of Wyant's actual duties as a documentation assistant, "material and substantial" or otherwise. Accordingly, the court concludes that Anthem abused its discretion in denying Wyant's claim and remands the action for a deliberate and principled analysis of Wyant's ability to perform the material and substantial duties of a documentation assistant at Gala Industries.

I.

Wyant started working for Gala Industries in 1994. According to her medical records, she walks with a cane and suffers from diabetes, depression, myalgia, neuropathy, macular

edema, and a number of other afflictions.[1] In May of 2011, Wyant stopped working at Gala and applied for short-term disability benefits, which Anthem approved. With her short-term benefits soon to run out, Wyant applied for benefits under Anthem's long-term disability policy. According to that policy, "[d]isability means that due to sickness or injury . . . you are not able to perform some or all of the material and substantial duties of your regular occupation and have at least a 20% loss in your pre-disability earnings." Admin. R. 15. The policy defines "material and substantial duties" as those duties that "are normally required for the performance of the occupation" and "cannot be reasonably omitted or changed." Id.

On December 13, 2011, Anthem denied Wyant's claim based on a nurse's comprehensive review of Wyant's medical documentation. Wyant administratively appealed Anthem's decision and provided the company with more documentation of her considerable medical history. Anthem retained Dr. Sergio Loaiza, a neurologist; Dr. Duane Byrant, an ophthalmologist; and Dr. Peter Mosbach, a clinical psychologist, to review Wyant's medical records. Each reviewer concluded that there were no significant restrictions or limitations that would preclude Wyant from working as a documentation assistant at Gala Industries. See Admin. R. 60, 181, 185. None of the reviewers' reports, however, described or even mentioned Wyant's actual duties as a documentation assistant. Based on the doctors' independent reviews, Anthem issued a final denial letter on March 13, 2012.

---

[1] Myalgia is "pain in a muscle or muscles." Dorland's Illustrated Medical Dictionary 1214 (32d ed. 2012). "Neuropathy is a collection of disorders that occurs when nerves of the peripheral nervous system (the part of the nervous system outside of the brain and spinal cord) are damaged." What Is Neuropathy? Neuropathy Causes And Treatments, Medical News Today, http://www.medicalnewstoday.com/articles/147963.php (last visited June 4, 2013). Macular edema is a swelling or thickening of the part of the eye responsible for detailed, central vision. What is Macular Edema?, eyeSmart, http://www.geteyesmart.org/eyesmart/diseases/macular-edema.cfm (last visited June 4, 2013). It is "the most common form of vision loss for people with diabetes." Id.

## II.

The parties have filed cross-motions for summary judgment.[2] In Anthem's view, its decision was the result of a deliberate, principled reasoning process and is therefore insulated on appeal. Wyant counters that she has multiple medical conditions, eleven years of documentation, and a long list of potent prescription medications supporting her disability claim and the unreasonableness of Anthem's decision to deny it. In the alternative, Wyant argues, the court should remand the action because the record lacks any description of Wyant's duties as a documentation assistant, a description that should have played a critical role in Anthem's decision. The court agrees with that argument, finds that Anthem abused its discretion by failing to consider Wyant's job duties, and remands the action to Anthem for further action.

When, as here, an "ERISA benefit plan vests with the plan administrator the discretionary authority to make eligibility determinations for beneficiaries, a reviewing court evaluates the plan administrator's decision for abuse of discretion." Williams v. Metro. Life Ins. Co., 609 F.3d 622, 629–30 (4th Cir. 2010). Under the abuse-of-discretion standard, a reviewing court should "not disturb a plan administrator's decision if the decision is reasonable, even if [the court] would have come to a contrary conclusion independently." Id. at 630. "To be held reasonable, the administrator's decision must result from a 'deliberate, principled reasoning process' and be supported by substantial evidence." Id. (citing Guthrie v. Nat'l Rural Elec. Coop. Assoc. Long Term Disability Plan, 509 F.3d 644, 651 (4th Cir. 2007); Brogan v. Holland, 105 F.3d 158, 161 (4th Cir. 1997)); see also Booth v. Wal–Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342–43 (4th Cir. 2000) (listing eight factors that courts should consider in the analysis).

---

[2] A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

Though the law affords discretion, it also erects guideposts: "[w]hen making an eligibility determination under an ERISA-covered policy, a plan fiduciary must use an 'objectively reasonable' description of the insured's occupation which includes duties comparable to those actually performed by the insured." Greene v. Reliance Standard Life Ins. Co., No. 7:03cv00025, 2004 WL 2634416 (W.D. Va. October 26, 2004) (citing Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264, 271–73 (4th Cir. 2002)). Indeed, "the starting point of the analysis must be a precise definition of the claimant's job duties to enable the administrator to analyze properly whether the claimant's medical condition limited the claimant's ability to perform each of the job duties." Ransom v. Unum Life Ins. Co. of Am., 250 F. Supp. 2d 649, 656 n.12 (E.D. Va. 2003) (citing Gallagher, 305 F.3d 271–73).

Here, the administrative record contains no description of Wyant's duties as a documentation assistant. Neither Anthem nor its independent reviewers made any discernible effort to connect Wyant's medical diagnoses with her employment at Gala Industries. Instead of being the "starting point of the analysis," id., Wyant's job description is entirely absent from the analysis. This omission leaves the court unable to perform an informed and meaningful review, renders Anthem's decision fundamentally flawed, and constitutes an abuse of discretion.[3] Accordingly, the court remands the action to Anthem for further action.

---

[3] At oral argument, Anthem contended that there was no need for the administrative record to contain a description of Wyant's job duties because the independent reviewers found that Wyant had *no* impairments. The court need not confront that argument because the administrative record contradicts the premise. A review of the record shows that the independent reviewers *all* mentioned various impairments and tied those impairments to Wyant's "own occupation" (whatever the duties of that occupation may be). See, e.g., Admin. R. 184 (noting that Wyant's history of "clinically significant" macular edema did "not support the claimant's assertion that she is unable to perform the duties of her own occupation"); id. at 185 ("I do not believe that her activities are restricted or limited with regard to her job.").

The court also notes that Anthem has sought to characterize the issue as whether a "vocational assessment" is a necessary part of its disability determination. The court expresses no opinion on the necessity of a vocational assessment, and confines its analysis to the necessity of an objectively reasonable job description.

## III.

For the reasons stated, the court grants Wyant's motion for summary judgment in part and remands the action to Anthem for further action in accordance with this opinion.[4]

**ENTER:** June 6, 2013.

UNITED STATES DISTRICT JUDGE

---

[4] Wyant has moved the court for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). In an ERISA case, a fees claimant must first demonstrate "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2158 (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)). Then the court may consider the five factors enumerated in Quesinberry v. Life Insurance Co. of North America, 987 F.2d 1017, 1029 (4th Cir. 1993). See Williams v. Metro. Life. Ins. Co., 609 F.3d 622, 634–35 (4th Cir. 2010) (describing the appropriate analytical steps). Here, Wyant offers essentially no argument in support of her motion for attorney's fees, and the court finds that Wyant has not demonstrated the requisite degree of success on the merits. Accordingly, the court denies Wyant's motion for attorney's fees.